

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00381-CR

Joshua Allen **SCHOPPMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR0692
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Luz Elena D. Chapa, Justice
              Jason Pulliam, Justice

Delivered and Filed:  July 22, 2015

DISMISSED

Joshua Allen Schoppman entered into a written plea agreement with the State pursuant to which he pleaded nolo contendere to possession with intent to deliver more than four grams but less than 200 grams of methamphetamine.  The terms of the agreement provided that punishment was to be assessed at ten years' confinement, to run concurrently with the punishment in two other cases, and imposition of a $1,500 fine.  The State agreed to recommend community supervision. The plea agreement further stated:

> All parties understand and agree that the terms, conditions and length of []
> community supervision or deferred adjudication are to be determined and assessed

solely within the Court's discretion. It is further understood and agreed by the parties that in the event the Court assessed terms, conditions and or a length of supervision . . . different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause.

The following statement appears beneath the parties' signatures on the plea bargain form:

NOTE: The parties are not allowed to make binding agreements regarding the length of community supervision or the terms and conditions of community supervision, which are totally dependent upon the Court's discretion. The following recommendations do not constitute part of the formal plea agreement.

The note was followed by a recommendation that the period of community supervision be six years.

The trial court found Schoppman guilty, sentenced him to ten years' incarceration, and fined him $1,500. The court suspended imposition of the sentence of confinement and placed Schoppman on community supervision for ten years. The court signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Schoppman filed a motion for new trial and a notice of appeal, asserting the trial court failed to comply with the plea bargain. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

This court gave Schoppman notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Schoppman's appointed appellate counsel filed a written response, stating he has reviewed the record and has concluded Schoppman does not have a right of appeal. After reviewing the record and counsel's notice, we agree that the

punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, and Schoppman does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH